**Louis BORELLA, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–588.**

United States Court of Veterans Appeals.

April 24, 1992.

Before FARLEY, Associate Judge. <span style="color:black">▉</span>

## MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of March 8, 1990, the Board of Veterans' Appeals (Board or BVA) denied appellant entitlement to service connection for Raynaud's disease. The basis for the denial was a determination that appellant's Raynaud's disease was not an "identifiable residual[ ] of frostbite" which appellant had suffered while a prisoner of war (POW), and thus, appellant was not entitled to presumptive service connection under 38 U.S.C. § 1112(b) (formerly § 312(b)). A timely appeal to this Court followed.

In a brief filed by appellant's counsel on May 28, 1991, appellant argues, inter alia, that the BVA decision was clearly erroneous, and moreover, the BVA erred as a matter of law in failing to apply the presumption of service connection under 38 U.S.C. § 1112(b). On September 13, 1991, the Secretary of Veterans Affairs (Secre-tary) filed a motion for remand and for a stay of proceedings pending a ruling. The Secretary asserts that the evidence of record indicates that appellant's Raynaud's disease was caused by an intercurrent disease unrelated to his POW status and that a remand is necessary for the Board to provide adequate reasons or bases to support its conclusions. Appellant opposed the Secretary's motion, arguing that a remand would not cure the clearly erroneous factual finding that the veteran's diagnosed "Raynaud's syndrome" is not a residual of frostbite. Appellant stressed the fact that both the Department of Veterans Affairs (VA) Regional Office (RO) and BVA ignored the report of the medical evaluation ordered by the RO of appellant's "peripheral neuropathy [of the] upper and lower extremities" and the examiner's diagnosis that the veteran's disability was a residual of the frostbite suffered as a POW.

Both 38 U.S.C. § 1112(b)(11) and the corresponding regulation, 38 C.F.R. § 3.309(c), provide for presumptive service connection for a former POW's "residuals of frostbite" manifesting to a degree of 10% or more, where the former POW "was interned in climactic conditions consistent with the occurrence of frostbite". Appellant was a POW from July 1943, until April 1945, R. at 5, 45, 240–41, and the Board conceded that he suffered frostbite while a POW. *See Louis Borella*, BVA No. 90-07461 (Mar. 9, 1990). Thus, the sole factual issue was whether the veteran currently suffered from any residuals of frostbite.

<span style="color:black">▉</span> On March 14, 1989, a neurologist consulted by the VA Medical Center concluded his examination with an impression that appellant suffered from "[g]eneral Raynaud's phenomenon as part of a reflex sympathetic dystrophy secondary to severe generalized frostbite suffered in the 2nd World War." R. at 275. This was consistent with a finding in December 1983, by a VA staff physician that appellant had "[r]esiduals of frost bite [sic] of his hands and feet." R. at 288. The Board, in affirming the prior rating decision, simply adopted, without reasons or bases, the RO's reason-

ing that "[s]ound medical principles do not relate an etiological basis between Raynaud's Disease and the residuals of frostbite." R. at 278. Presumably, the BVA also adopted the RO's conclusion, as reflected in the statement of the case, that "the veteran's Raynaud's phenomenon is due to intercurrent causes...." R. at 285. The word "presumably" is used advisedly because the Board did not give a single reason for rejecting the medical findings; in the most conclusory of terms, the Board ruled:

> the service records and the medical records subsequent to service do not show any significant identifiable residuals of frostbite. Under these circumstances, it cannot be concluded that the now diagnosed Raynaud's phenomenon is the result of any frostbite in service.

*Borella*, BVA 90–07461, at 3. Where the BVA rejects the findings of a medical examiner, it must provide the required statutory reasons or bases for doing so and support its decision with an independent medical basis or offer evidence that contradicts the medical examiner's opinion. *See Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991); *Willis v. Derwinski*, 1 Vet.App. 66, 70 (1991). If all that were lacking was a statement of reasons or bases for the BVA's decision, a remand would be in order. However, there is an even more fundamental problem with the BVA decision— the decision is not supported by the evidence of record.

 "[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990); 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)). However, when the record is devoid of any plausible basis for the factual determinations of the BVA, they must be overturned. *See, e.g., Willis v. Derwniski*, 1 Vet.App. 66 (1991); *Hanson v. Derwinski*, 1 Vet. App. 512 (1991). In this case there simply is no plausible basis for the BVA's conclusion that the evidence of record failed to support a determination that this POW ap-

pellant suffered from the residuals of frostbite. Pursuant to 38 U.S.C. § 1113 (formerly § 313) and 38 C.F.R. § 3.307(d), the only way the presumption of service connection could be rebutted once the residuals of frostbite were diagnosed would be by a showing of "affirmative evidence to the contrary, or evidence to establish that [the disability was caused by] an intercurrent ... disease."

In the motion for remand, the Secretary advances the argument that appellant's peripheral neuropathy is due to some sort of "intercurrent disease". However, in its summary denial of service connection based on the absence of "identifiable residuals of frostbite", the Board drew no connection between the veteran's disabilities and any intercurrent disease, let alone set forth affirmative evidence to support the position now and belatedly advanced by the Secretary. It is notable that the record is devoid of evidence of any diagnosis of an intercurrent disease or any expert medical opinion of an alternative cause of appellant's Raynaud's disease affecting his upper and lower extremities.

Consequently, because there is no "affirmative evidence to the contrary", which when viewed "in ... consideration of all the evidence of record", to support the BVA's decision that the presumptive service connection was rebutted as required by 38 U.S.C. § 1113 and 38 C.F.R. § 3.307(d), the Board's conclusion that Raynaud's disease was not the "identifiable residual[ ] of frostbite" is clearly erroneous and must be reversed. Accordingly, the Secretary's motion for a remand is DENIED; and the March 8, 1990, decision is REVERSED and the matter REMANDED to the BVA for an award of service connection under 38 U.S.C. § 1113 for the "residuals of frostbite", and the assignment of a disability rating effective October 21, 1988.